[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, Gary Mount, appeals the judgment of the Hamilton County Court of Common Pleas adjudicating him a sexual predator pursuant to R.C. 2950.09. For the following reasons, we affirm the trial court's judgment.
In 1991, Mount entered guilty pleas to and was convicted of two counts of gross sexual imposition. In November 1999, he was again brought before the trial court for a hearing and adjudicated a sexual predator.
In his first assignment of error, Mount argues that the sexual-predator adjudication was based upon insufficient evidence. This assignment of error is not well taken.
In a sexual-predator proceeding, the prosecution is required to prove by clear and convincing evidence that the defendant is "likely to engage in the future in one or more sexually oriented offenses."[1] With respect to the determination of whether an individual is a sexual predator, R.C. 2950.09(B)(2) states that the trial court "shall consider all relevant factors, including, but not limited to, all of the following:"
The offender's age;
 The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 Any mental illness or mental disability of the offender;
 The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 Any additional behavioral characteristics that contribute to the offender's conduct.
In the case at bar, the trial court was presented with sufficient information to adjudicate Mount a sexual predator. The facts underlying Mount's 1991 convictions were that he had engaged in sexual intercourse with his five-year-old daughter and that he had forced her to touch his penis. Mount's previous criminal record included numerous felonies, with convictions for breaking and entering, burglary, aggravated burglary, and grand theft. In addition, the 1991 convictions occurred while he was on parole for burglary, and Mount conceded that he had not completed any rehabilitative programs while in prison.[2] Given the tender age of the victim and Mount's relationship to her, in conjunction with Mount's serious criminal record and his lack of effort at rehabilitating himself,[3] we hold that sufficient evidence supported the trial court's judgment. The first assignment of error is accordingly overruled.
In his second, third, fourth and fifth assignments of error, Mount argues that his classification as a sexual predator violates the Ex Post Facto Clause of the United States Constitution; the Ohio Constitution's prohibition against retroactive application of a statute; his right to equal protection under the United States Constitution; and the Double Jeopardy clause. The Supreme Court of Ohio has rejected each of these arguments.[4] We therefore overrule the second through fifth assignments of error. The judgment of the trial court is affirmed.
Hildebrandt, P.J., Doan and Sundermann, JJ.
[1] R.C. 2950.01(E); State v. Lance (Feb. 13, 1998), Hamilton App. Nos. C-970301, C-970282, and C-970283, unreported.
[2] In explaining his lack of effort in this regard, Mount proclaimed his innocence and stated that he believed that his daughter would recant her claims of sexual abuse. The trial court could have properly accorded little credence to that explanation.
[3] The case at bar is therefore distinguishable from those cases in which we have found the trial court's adjudication to be contrary to the evidence. See, e.g., State v. Tasseff (Apr. 28, 2000), Hamilton App. No. C-990624, unreported (adjudication of defendant as sexual predator held improper where defendant and the victim were unrelated, defendant had completed rehabilitative programs while incarcerated, and defendant had no serious criminal record).
[4] See State v. Cook (1998), 83 Ohio St.3d 404,700 N.E.2d 570, certiorari denied (1999), 525 U.S. 1182, 119 S.Ct. 1122
(rejecting ex post facto and retroactivity claims); and State v.Williams (2000), 88 Ohio St.3d 513, 728 N.E.2d 342 (rejecting equal-protection and double-jeopardy claims).